IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2005 DEC -5 P 1: 15
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| RICHARD L PYPER | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES GOVERNMENT | ) MC: 2:05mc3272-T |
| | ) |
| Respondent | |

**PETITION TO QUASH THIRD PARTY SUMMONS**

Richard L Pyper respectfully requests this court to quash the summons issued by the Internal Revenue Service on November 14, 2005, to him for those certain files of the clients of Tommy Jordan ("Jordan") prepared and maintained by Jordan while engaged in the tax return preparation business known as TaxTyme, a sole proprietorship owned by Jordan. In support hereof, Petitioner states as follows:

    1. Petitioner is an attorney residing in Montgomery, Alabama with an office also located in Montgomery, Alabama. The Court has jurisdiction for this matter pursuant to §7609(h) of the Internal Revenue Code of 1986, as amended ("the Code"). Petitioner has standing to initiate this action pursuant to §7609(b)(2)(c) of the Code. This Petition is timely filed pursuant to §7503 of the Code inasmuch as the 20th day following the delivery of notice of the service of the summons to Jordan falls on Sunday, December 4, 2005. Notwithstanding the preceding sentence, however–which may suggest that Petitioner recognizes the validity of the summons as served–the Petitioner does not concede nor waive on the merits any legal argument, precedent, authority or basis described hereafter which supports his request to quash the summons that is the subject of this petition. Therefore, Petitioner asserts the validity, relevance and legal significance of all following paragraphs.

2. Prior to November 14, 2005, Jordan engaged Petitioner to represent him and delivered to Petitioner his client files in order to assist Petitioner in his representation of Jordan and as collateral to secure payment of Petitioner's fee. On November 14, 2005, Respondent's employee, Special Agent Louie E. Wilson, Jr., delivered a summons to Petitioner at his office. Included with the summons was a notice addressed to Petitioner for Jordan, although it was dated 10/20/2005. A copy of the summons is attached hereto as Exhibit A. The summons seeks all documents contained in each and every client file of Jordan.

3. Pursuant to §7609(d) of the Code no third party summons can designate a date for the production and examination of records before the 20th day after notice has been given to the taxpayer whose records are being sought. The summons is invalid on its face because it required the production of the requested information within only 10 days of the date it was served, i.e. November 24, 2005; commanded production to take place on a Federal holiday, i.e., Thanksgiving Day; and did not comply with the required waiting period mandated by §7609(d) of the Code.

4. The summons is further invalid because notice was not given to any of Jordan's clients whose files are the subject of the documents requested. Under the provisions of §7609(a)(1) of the Code, a taxpayer whose records are being summoned from a third party must be notified within three (3) days of date the summons was served that such records have been summoned. Respondent's failure to provide such notices to Jordan's clients does not meet the exception threshold requirements of §7609(g) of the Code.

5. §7602(c) of the Code states, "Any officer or employee of the Internal Revenue Service may not contact any person *other than the taxpayer* with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made."

(emphasis added)  The Respondent's summons commands Petitioner to produce the following (with respect to Jordan, dba TaxTyme):

> "*1. Copies of client returns;.*
>
> *2. Records related to client's personal information (Copies of Driver's Licenses, Social Security Cards, ID cards, dependent information, **income and expense records related to deductions, etc.**);*
>
> 3. Records related to refund anticipation loans (applications, copies of checks, etc.);
>
> 4. Records of payments received from clients;
>
> 5. Correspondence with clients, Household Bank and the Internal Revenue Service." (Emphasis added)

The summons essentially requires the delivery of **every document of every client** of Jordan for whom a file has been generated and maintained. Demanding **and seeking** access to an individual taxpayer's file is tantamount to an audit of such taxpayer, but in this instance it is being conducted in such a way that the taxpayers (i.e., Jordan's clients) do not know nor have they received the requisite notice that their returns have been examined and their personal information scrutinized. Consequently, the summons does not comply with the authority granted the Internal Revenue Service for the examination of a taxpayer's books and records pursuant to §7602 of the Code. This is pernicious behavior[1] and the worst kind of fishing expedition because it is the equivalent of an illegal search and seizure, in violation of the respective clients' constitutional rights against such government intrusion and prevents them from exercising their statutory right to intervene pursuant to §7609(b) of the Code. Also,

---

[1] Since the client files of Petitioner contain personal and confidential information not otherwise available to Respondent unless he gives formal notice to the client of an intended examination, the Respondent's attempt to secure access to these files must be construed as nothing less than a back door attempt by the Respondent to investigate all of Petitioner's clients so as to identify those taxpayers it **suspects** MAY have submitted erroneous information and whose returns it MAY want to formally select for examination **prior to the time** the Respondent is obligated to notify the taxpayer of an intended examination under §7602(c) of the Code.

because the summons does not list the names of the clients or otherwise identify them with any particularity it is obvious Respondent has attempted to issue a "John Doe" summons as more specifically described in §7609(f) of the Code. However, the Respondent has not complied with the specific, more restrictive requirements[2] that pertain to a "John Doe" summons and is further basis for quashing the summons as issued.

      6. The Respondent already has much of the information that is the subject of the summons. It does not need copies of the taxpayer returns because the original tax returns of Jordan's clients have been submitted to the Internal Revenue Service and are currently in its possession. The same should apply to any correspondence sent by Respondent to Jordan. The Respondent, through its employee, Jeanne S. Armstrong, C.P.A. (ID No. 72-19009), has already reviewed the files of Jordan's clients in an earlier improper examination conducted on TaxTyme's premises without the knowledge of Jordan's clients. Additionally, the Respondent's employee, Special Agent Louie E. Wilson, Jr., met previously with Jordan and represented to Jordan that he already had Jordan's client files in his possession. Significantly, however, §7605(b) of the Code provides that "no taxpayer shall be subjected to unnecessary examination or investigation" and restricts the Internal Revenue Service to only one inspection of a taxpayer's books "for each taxable year *unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.* (emphasis added) It is the Petitioner's contention that Respondent has already conducted an examination of each of Jordan clients' files and is not entitled to another review of any one of those files unless specifically and directly requested by Jordan or by his respective clients to do so or unless the Respondent has informed the clients in writing of its intent to scrutinize their files for a second time. Since the Respondent has not

---

    [2]In fact, §7609(f) of the Code specifically indicates the Internal Revenue Service **may not** issue such a summons **prior** to a court proceeding where he establishes certain enumerated criteria in order to gain the court's approval.

complied with the clear language of the pertinent provisions of §§ 7602 and 7609 of the Code, the issuance of a summons in this matter is inappropriate.

7. The scope of the summons is overly broad, burdensome, and not relevant to Respondent's investigation of Jordan. Further, the files were delivered to Petitioner in part as documentation needed in an ongoing effort to adequately represent the Petitioner and to prepare a defense for such legal eventualities as may arise or be asserted through Respondent's actions. Delivering these records to the Respondent or its employee, Agent Wilson, or requiring Petitioner to provide copies of various documents contained in the Petitioner's client files undermines Petitioner's ability to give legal counsel and advice to Petitioner and constitutes an unnecessary burden on Petitioner, who is a sole practitioner and does not have the requisite secretarial or clerical personnel available to comply with the demands of the summons.

8. The Court should quash the subject summons also because it requires disclosure of irrelevant private and confidential information about Jordan's clients who are in no way related to the Respondent's investigation. It is the Petitioner's opinion and belief that the information contained in Jordan's files **belongs** as much to Jordan's clients as it does to Jordan. It is likely Jordan's clients also have a proprietary interest in the information contained in these files within the scope of Rule 45(c)(3)(B)(i). It is both fair and reasonable that Jordan's taxpayer clients should be entitled to receive **advance** notice of Respondent's desire and intent to secure access to view the contents of these files **before** they are made available to Respondent. It is apparent that Congress felt the same way when it added §7602(c) of the Code in 1998 to protect taxpayers from "secret" examinations of their records by Respondent such as has been manifested by Respondent in this matter through its employees. The privacy interests of Jordan's clients far outweigh the intrusion that this overly broad summons will necessarily entail.

9. Finally, it should be noted that the Respondent's investigative power is not limitless. To obtain enforcement of the summons, Respondent must satisfy a four-pronged burden of proof, viz:

    a. the investigation will be conducted pursuant to a legitimate purpose;

    b. the inquiry will be relevant to that purpose;

    c. the information sought is not already in the I.R.S.'s possession; and

    d. the I.R.S. has taken the administrative steps necessary to the issuance of a summons.[3]

Since the Respondent does not meet the requirements described herein, the summons should be quashed.

10. For the reasons set forth above, the subject summons is due to be quashed pursuant to §7609 of the Code and Federal Rule Civil Procedure 45.

WHEREFORE, Petitioner respectfully requests the Court grant his Petition to Quash the summons issued to him on November 14, 2005.

Richard L. Pyper
P. O. Box 11706
Montgomery, Alabama 36111-0706
ASB-2669-E68R
Telephone (334) 273-0040
Facsimile (334) 288-8080

petn2qshsummns2.tjordan
12/05/2005.3

---

[3] See U.S. v. Powell, 79 US 48; 85 S Ct. 248 (1964)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing Petition upon all parties to this matter by delivering a copy to Special Agent Louie E. Wilson, Jr. of the Internal Revenue Service and by placing a copy via certified U.S. Mail, addressed to the Internal Revenue Service, 1285 Carmichael Way, Montgomery, Alabama 36106.

Richard L. Pyper