IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| RICHARD L. PYPER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 2:05mc3272-T |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent, | ) ) | |

RECEIVED
2005 DEC 16 A 11:30
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## RESPONSE TO ORDER TO SHOW CAUSE

The United States of America responds as follows to the Order to Show Cause dated December 13, 2005.

### ARGUMENT

**A.   Because the summons at issue has been withdrawn, the petition is moot.**

Pursuant to 26 U.S.C. Section 7602(a), Louie Wilson, a special agent employed by the Internal Revenue Service issued an administrative summons to petitioner Richard L. Pyper. The summons was issued to Pyper in the course of Wilson's criminal investigation of Tommy Jordan. The summons, the first page of which is attached to the Petition as Exhibit A, was dated November 14, 2005 and directed Pyper to appear before Wilson on November 24, 2005 to produce the records identified in the summons and to give testimony. The summons, however, was defective. Because Jordan was named in the summons, he was required to receive notice of the summons –

- within three days after Pyper was served with an attested copy of the summons and also;
- at least twenty-three days before the date that Pyper was required to comply with the

1464814.1

summons.[1]  *See* 26 U.S.C. Section 7609(a)(1).

Inasmuch as the summons set a compliance date of ten days after the issue date, it did not comply with the notice requirements of Section 7609(a).  Due to this defect, Wilson, on December 8, 2005, withdrew the summons.  *See* attachment.  The petition to quash, therefore, should now be denied as moot.[2]

**B.    Because the petitioner is the summoned party, the Court lacks subject matter jurisdiction over this petition.**

As sovereign, the United States of America is immune from suit except where it has explicitly consented to be sued.  The terms under which such consent has been given define the Court's subject matter jurisdiction.  United States v. Dalm, 494 U.S. 596, 608 (1990).  The Internal Revenue Code contains a limited waiver of sovereign immunity by which petitions to quash internal revenue summonses may be brought in federal district court.  *See* 26 U.S.C. Section 7609(b).  Where the petition does not fall within this limited waiver, the court lacks subject matter jurisdiction over the petition. Barmes v. United States, 199 F. 3d 386, 388 (7th Cir. 1999); Stringer v. United States, 776 F. 2d 224, 225 (11th Cir. 1985).

Only persons entitled to notice of the summons pursuant to 26 U.S.C. Section 7609(a) may bring an action to quash the summons.  26 U.S.C. Section 7609(b)(2).  *See also* Barmes, 199 F. 3d at 388; Buckner v. United States, 585 F. Supp. 564 , 565 (N.D. Ill. 1984); Graham v.

---

[1] The notice provisions of Section 7609(a) do not apply to all internal revenue summonses issued by a criminal investigator.  See 26 U.S.C. 7609(c)(2)(E). Because, however, the summons was issued to Pyper on account of his role as Jordan's attorney, the notice provisions of Section 7609(a) apply to the summons at issue here.  *See* 26 U.S.C. Sections 7609(c)(2)(E) and 7603(b)(2)(E).

[2] The Internal Revenue Service intends to re-issue and re-serve the summons.

United States, 1994 WL 750666*2 (C.D. Cal. 1994). The notice provisions of Section 7609(a) do not encompass the summoned party. That section states that notice must be given to "any person (other than the person summoned) who is identified in the summons." In Monumental Life Insurance Company v. United States, 2000 WL 1058959 (W.D. Ky 2000), the court held that it lacked subject matter jurisdiction over a petition to quash brought by the summoned party. If and when the United States seeks enforcement of a summons, the summoned party may then raise any appropriate defenses. *Id.* at *1-2.[3]

C.  **Service of process is defective.**

According to the certificate of service attached to the summons, the petitioner attempted to serve the Government by delivering a copy of the petition to Special Agent Wilson and by mailing a copy to "the Internal Revenue Service, 1285 Carmichael Way, Montgomery, Alabama 36106." That does not constitute proper service on the United States. In order for service of process to be effected on the United States, Fed. R. Civ. P. 4(i) requires that service of a summons and petition be made, in the manner prescribed by that rule, on United States Attorney for the district in which the action is pending and on the Attorney General. In order to subject the United States to the jurisdiction of this Court, petitioner must comply with the requirements set forth in Rule 4(i). *See* McMasters v. United States, 260 F. 3d 814 (7th Cir. 2001); Tuke v United States, 76 F. 3d 155 (7th Cir. 1996). Because petitioner's attempted method of service is improper, the Court again lacks jurisdiction over this action.

---

[3] Because this summons has been withdrawn, the Government will, of course, not seek its enforcement.

1464814.1

## CONCLUSION

The petition should be dismissed on the grounds of mootness, lack of subject matter jurisdiction, and insufficient service of process.

LEURA GARRETT CANARY
United States Attorney

RAND R. NEELEY
Assistant U.S. Attorney

_____
MICHAEL N. WILCOVE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6474
Telefax: (202) 514-9868
Michael.N.Wilcove@usdoj.gov

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Response to Order to Show Cause has been made this 15th day of December, 2005, by mailing a true and correct copy thereof via first class mail addressed to:

>Richard L. Pyper
>P.O. Box 11706
>Montgomery, Alabama 36111-0706
>
>(Also by telefax (334) 288-8080)

>_____
>Trial Attorney, Tax Division
>U. S. Department of Justice
>Post Office Box 14198
>Washington, D.C.  20044

1464814.1



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

Criminal Investigation

December 8, 2005

Mr. Richard L. Pyper
P.O. Box 11706
Montgomery, Alabama 36111

RE: Summons Issued on November 14, 2005

Dear Mr. Pyper:

Please be advised that the Summons issued to you on November 14, 2005 in the matter of Tommy Jordan dba Tax Tyme has been withdrawn. As a result, you are hereby relieved of the requirement to appear before the Internal Revenue Service as well as the requirement to provide the records detailed in the aforementioned Summons.

You are further advised that this withdrawal applies only to that Summons which was issued to you in the matter of Tommy Jordan dba Tax Tyme on November 14, 2005 (see enclosed copy of Summons). This withdrawal does not apply to any other Summons which may have been issued to you by the Internal Revenue Service in this or any other matter.

If you have any questions, please contact Special Agent Louie Wilson (IRS-CI), ID #58085496 at (334) 290-4026.

Sincerely,

Louie E. Wilson, Jr.
Special Agent

Enclosure